1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                     EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   LEE JOHN GREER, | Case No. 1:22-cv-00911-BAM (PC) |
| 12         Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO |
| 13      v. | ACTION |
| 14   CASTELLANOS, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN |
| 15         Defendants. | CLAIMS AND DEFENDANTS |
| 16 | (ECF Nos. 1, 13) |
| 17 | **FOURTEEN (14) DAY DEADLINE** |

18

19   **I.      Background**

20            Plaintiff Lee John Greer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

21   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

22            On October 8, 2025, the Court screened the complaint and found that Plaintiff stated a

23   cognizable claim against Defendant F. Mendoza for excessive force in violation of the Eighth

24   Amendment and against Defendants C. Marquez and L. Maldonado for denial/delay of medical

25   care in violation of the Eighth Amendment, but failed to state any other cognizable claims for

26   relief against any other defendant. (ECF No. 12.) The Court ordered Plaintiff to either file a first

27   amended complaint or notify the Court of his willingness to proceed only on the cognizable

28   claims identified by the Court. (*Id.*) On November 14, 2025, Plaintiff notified the Court that he

                                                1

1  would not like to amend his claims, and is willing to proceed with only the Eighth Amendment

2  claims against Defendants Mendoza, Marquez, and Maldonado.  (ECF No. 13.)

3  **II.    Screening Requirement and Standard**

4         The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8  relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9         A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

13  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16        To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22        **A.    Allegations in Complaint**

23        Plaintiff is currently housed at California State Prison, in Sacramento, California.  Plaintiff

24  alleges the events in the complaint occurred while Plaintiff was housed at Kern Valley State

25  Prison.  Plaintiff names as defendants: (1) T. Castellanos, Correctional Lieutenant, (2) L.

26  Maldonado, Correctional Sergeant, (3) C. Marquez, correctional officer, (4) F. Mendoza,

27  correctional officer.  Plaintiff alleges as follows.

28  ///

2

In claim 1, Plaintiff alleges excessive force. On 12/13/2021, Plaintiff was involved in an incident with another inmate. When the incident was nearly concluded, officer F. Mendoza ordered Plaintiff to get down. As Plaintiff complied with the order, officer Mendoza began to shake his pepper spray can. Once he believed his can was at maximum pressure, he began to spray Plaintiff in Plaintiff's face with the pepper spray. It was unnecessary. He sprayed Plaintiff everywhere anyway. T. Castellanos who was the superior officer of F. Mendoza approved of this behavior when he should have corrected it. Plaintiff alleges he was burning intensely for days on his face and torso.

In claim 2, Plaintiff alleges that on the same day, after being pepper sprayed, C. Marquez and L. Maldonado purposely delayed Plaintiff's decontamination. Even after the scene was all secure, they forced Plaintiff to remain covered in pepper spray. They basically tortured Plaintiff by denying Plaintiff the right to wash off the spray. T. Castellanos was the superior officer and he approved of these actions when he should have corrected them. Plaintiff's chest and face burned for days.

In claim 3, Plaintiff alleges denial of medical care. After being pepper sprayed, Plaintiff was having shortness of breath. Plaintiff asked C. Marquez and L. Maldonado for access to Plaintiff's prescribed inhaler. They refused Plaintiff's inhaler which Plaintiff has the right to always have access to. Plaintiff explained where the inhaler was located and they refused to give access to the inhaler. Plaintiff was gasping for air. T. Castellanos was the superior officer and he approved of these actions instead of correcting them. Plaintiff was choking and thought he was going to die.

As remedies, Plaintiff seeks compensatory damages.

**B.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, and fails to state a cognizable claim for relief, except as provided below.

**1.    Federal Rule of Civil Procedure 8 and Linkage**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims. While it identifies the specific claims, the allegations are conclusory as to what happened and who was involved.

### 2.    Supervisory Liability

Insofar as Plaintiff is attempting to sue Defendant Lieutenant T. Castellanos, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not

4

1   sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

2          Plaintiff does not allege that Defendant Castellanos was personally involved in any

3   constitutional deprivation.  Further, Plaintiff fails to identify any policy which is so deficient that

4   the policy itself is a repudiation of the constitutional rights and is the moving force of the

5   constitutional violation such that the policy would impose liability for Defendant Castellanos.

6   Plaintiff's conclusory allegations are insufficient.

7                  **3.      Eighth Amendment**

8                          a.      Excessive Force

9          The Eighth Amendment protects prisoners from inhumane methods of punishment and

10  from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

11  2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual

12  Punishments Clause of the Eighth Amendment.  *Hudson v McMillian*, 503 U.S. 1, 5 (1992)

13  (citations omitted).  Although prison conditions may be restrictive and harsh, prison officials must

14  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

15  *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

16          "[W]henever prison officials stand accused of using excessive physical force in violation

17  of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-

18  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

19  *Hudson*, 503 U.S. at 6–7.  Relevant factors for this consideration include "the extent of

20  injury . . . [,] the need for application of force, the relationship between that need and the amount

21  of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made

22  to temper the severity of a forceful response.' "  *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078,

23  1085 (1986)).  Finally, because the use of force relates to the prison's legitimate penological

24  interest in maintaining security and order, the court must be deferential to the conduct of prison

25  officials.  *See Whitley*, 475 U.S. at 321–22.  Not "every malevolent touch by a prison guard gives

26  rise to a federal cause of action."  *Id.* at 9.  De minimis uses of physical force do not violate the

27  constitution provided that the use of force is not of a sort "repugnant to the conscience of

28  mankind."  *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97,

5

1    106 (1976).

2         Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim

3    against Defendant F. Mendoza in claim 1.

4                        b.        Denial/Delay of Medical Care

5         While the Eighth Amendment of the United States Constitution entitles Plaintiff to

6    medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

7    indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

8    Cir. 2012), overruled in part on other grounds by *Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th

9    Cir. 2014); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate

10   indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure

11   to treat a prisoner's condition could result in further significant injury or the 'unnecessary and

12   wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately

13   indifferent." *Jett*, 439 F.3d at 1096 (citation omitted).

14        A defendant does not act in a deliberately indifferent manner unless the defendant "knows

15   of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825,

16   837 (1994). The requisite state of mind is one of subjective recklessness, which entails more than

17   ordinary lack of due care. *Snow*, 681 F.3d at 985. Deliberate indifference may be shown by the

18   denial, delay, or intentional interference with medical treatment or by the way in which medical

19   care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). "Deliberate

20   indifference is a high legal standard," *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1019 (9th

21   Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was

22   "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the

23   indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has

24   held that before it can be said that a prisoner's civil rights have been abridged, "the indifference

25   to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical

26   malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460

27   (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06)).

28   ///

In claim 2, Plaintiff alleges that he was thoroughly pepper sprayed and was gasping for air. After the incident was over and the scene secure, Defendants C. Marquez and L. Maldonado delayed decontaminating Plaintiff. While Plaintiff does not allege the length of delay, he alleges the scene was secure, yet he was not decontaminated despite choking. In claim 3, Plaintiff alleges that he was choking with the pepper spray and was asking for the inhaler, but was not assisted in provided medical care. In light of these facts, and liberally construing the allegations, Plaintiff states a cognizable claim against C. Marquez and L. Maldonado for denial/delay of medical care.

**III.    Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant F. Mendoza for excessive force in violation of the Eighth Amendment and against Defendants C. Marquez and L. Maldonado for denial/delay of medical care in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's complaint, filed July 22, 2022, (ECF No. 1), against Defendant F. Mendoza for excessive force in violation of the Eighth Amendment and against Defendants C. Marquez and L. Maldonado for denial/delay of medical care in violation of the Eighth Amendment; and

2.  All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed**

**fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 14, 2025**          /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

8